Argued and submitted February 18, judgment modified as to spousal support; otherwise affirmed May 20, 1992

In the Matter of the Marriage of

## James C. GRIGGS,
*Respondent,*
*and*

## Jeanne L. GRIGGS,
*Appellant.*

(90C30653; CA A70419)

831 P2d 79

Ira L. Gottlieb, Portland, argued the cause for appellant. With him on the brief were Lawrence D. Gorin and Keller, Gottlieb & Gorin, Portland.

William C. Crothers, Jr., Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Wife seeks a greater share of the marital property and an increase in the amount and duration of spousal support awarded by the dissolution judgment.

At the time of trial, the parties, both 41 years old and in good health, had been married for 18 years. Husband is an attorney earning $120,000 per year. Wife has a high school diploma and has taken several college classes for credit. With additional education, she hopes to become an interior designer and to earn approximately $20,000 a year. The trial court awarded wife spousal support of $1,900 per month for two years, $700 per month for the next two years, $400 per month for the next two years, then $200 per month for four years.

The parties were in agreement regarding the division of much of their property. However, the valuation and disposition of several items, including husband's law practice, law office building and retirement account, were disputed. The court gave extensive consideration to the arguments advanced by each party and wrote a lengthy and detailed letter opinion. Our *de novo* review discloses no basis for disturbing the court's designation, valuation and division of the marital property.

The trial court also labored to achieve the appropriate combination of spousal support and property division, ultimately awarding wife a relatively modest amount of support over a ten-year period, because it believed that the substantial cash assets that she received as a part of the property division would be adequate compensation. However, after *de novo* review, we conclude that wife is entitled to more initial support and to permanent spousal support.

The parties agreed that wife would be awarded the marital residence and that husband would subsequently purchase it from her for $300,000 cash, less $54,000 to pay off the mortgage. From the balance, $246,000, wife planned to purchase a new home for $149,900. The trial court appears to have placed great weight on the fact that wife would then possess approximately $95,000 in cash and a new home, paid for in full. However, it failed to recognize that the sum of the net marital assets, which included the value of the marital

residence, was distributed *equally* to the parties, with each receiving $288,400 in both liquidated and unliquidated assets. Husband's assets include the law firm's office building, a retirement account with a current cash value of $175,700, his law practice and several bank and investment accounts. Although a substantial portion of wife's property award will be in the form of cash once the marital residence is purchased from her, husband concedes that, even if it is invested, it will produce less than $500 per month.

The outright purchase of a new home will eliminate a house payment from wife's monthly household expenses. However, credible testimony from both parties establishes that wife's *remaining* monthly expenses, excluding expenses related to the children, total $3,000. After *de novo* review of the record, we conclude that a just and equitable award is $2,500 per month for four years, to enable wife to complete her education and seek employment, and $1,000 per month permanently thereafter.

Judgment modified to award wife spousal support of $2,500 per month for four years from the date of entry of original judgment and $1,000 per month permanently thereafter; otherwise affirmed. Costs to wife.